FILED
CLERK

1/12/2017 4:04 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MARGARET KEEGAN and KEEGAN,

                Plaintiffs,

    v.

BED BATH & BEYOND, INC. and CHRISTMAS TREE     **MEMORANDUM & ORDER**
SHOPS, INC.,     13–cv–5893 (JMA) (SIL)

                Defendants.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On April 7, 2016, after a trial spanning three days, a jury returned a verdict in favor of plaintiffs Margaret Keegan and Mark Keegan, awarding them damages in the amount of $40,000 for past pain and suffering and no future damages. Plaintiffs have moved to set aside this jury verdict, arguing that the damages awarded at trial were inadequate. In particular, plaintiffs request that the Court enter an order either increasing the award of damages or setting a new trial on damages.

      As an initial matter, "federal courts are denied the same freedom to use additur that is enjoyed by many state court judges." See, e.g., Liriano v. Hobart Corp., 170 F.3d 264, 272 (2d Cir. 1999) (citing Dimick v. Schiedt, 293 U.S. 474 (1935)). The Court, therefore, lacks the power to grant plaintiff's request to enter an order increasing the award of damages. Plaintiffs also request a new trial on damages pursuant to Federal Rule of Civil Procedure 59(a).

      Since this case is before the Court on diversity jurisdiction, the Court must apply New York state law to determine whether a new trial on damages is warranted. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 430 (1996). Under New York law, "an award is . . . inadequate if it deviates materially from what would be reasonable compensation." N.Y.

1

C.P.L.R. 5501(c); see also Bock v. City of Mount Vernon, 123 A.D.3d 644, 645 (App. Div. 2d Dep't 2014). In determining whether an award constitutes such a material deviation, "New York state courts look to awards approved in similar cases." Szabo v. Rodriquez, No. 09-cv-2048, 2012 WL 6161936, at *3 (E.D.N.Y. Dec. 11, 2012). Awards in similar cases, however, serve only an instructive role and do not bind the court. Id. Further, courts in New York have recognized that the "assessment of damages in a personal injury action is primarily a factual determination to be made by the jury, and is accorded great deference." Lolik v. Big V Supermarkets, Inc., 266 A.D.2d 759, 760 (App Div. 3d Dep't 1999).

The Court has reviewed both the record and plaintiffs' arguments—including plaintiffs' cited cases—and has determined that the amount of damages awarded at trial does not deviate materially from what would be reasonable compensation. As such, plaintiff's motion to set aside the verdict is denied.

**SO ORDERED.**

Date: January 12, 2017
Central Islip, New York

\_\_\_\_\_/s/ (JMA)_____
Joan M. Azrack
United States District Judge
